```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DART MECHANICAL CORPORATION,

                    Plaintiff,         MEMORANDUM & ORDER
                                       13-CV-2941(JS)(WDW)

        -against-

JOHNSON CONTROLS, INC.,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Marvin Schechter, Esq.
                    Michael D. Ganz, Esq.
                    Turnstead & Schecter
                    500 North Broadway, Suite 101
                    Jericho, NY 11753

For Defendant:      James Joseph Barriere, Esq.
                    Jennifer K. Harvey, Esq.
                    Nathan Sabourin, Esq.
                    James Barriere, Esq.
                    Couch White LLP
                    540 Broadway
                    P.O. Box 222222
                    Albany, NY 12201
```

SEYBERT, District Judge:

Plaintiff Dart Mechanical Corporation ("Plaintiff") originally commenced this breach of contract action in the Supreme Court of the State of New York, Nassau County. On May 17, 2013, defendant Johnson Controls, Inc. ("Defendant") removed the action to this Court. Currently pending before the Court is Plaintiff's motion to remand (Docket Entry 3) back to New York State Supreme Court, Nassau County pursuant to 28 U.S.C. § 1441. For the following reasons, Plaintiff's motion is DENIED.

## BACKGROUND

On April 15, 2005, Plaintiff entered into a subcontract agreement (the "Subcontract") with non-party York International Corporation ("York") in connection with a project in which York agreed to furnish and install an automatic control system. (Compl. ¶ 4.) Thereafter, Defendant acquired York and assumed the Subcontract. (Compl. ¶ 5.) A dispute subsequently arose between the parties and Plaintiff commenced a breach of contract action against Defendant in Nassau County Supreme Court. (See Def. Opp. Br., Docket Entry 8-5, at 1.) Johnson then removed to action to this Court. (See Notice of Removal, Docket Entry 1.)

Dart now moves to remand the case back to state court based upon a forum selection clause contained in the Subcontract. That clause provides that "any action or proceeding arising out of, in connection with, or in relation to this subcontract, shall be resolved by litigation in the Courts of the State of New York, Suffolk County." (Karol Aff., Docket Entry 3-1, Ex. 2 ¶ 36.2.)

## DISCUSSION

The Court will first discuss the applicable legal standard before turning to Plaintiff's motion specifically.

I. Legal Standard

"Generally, a defendant in an action pending in state

court may remove that case to federal court only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction." Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2008) (citing 28 U.S.C. § 1441(a)). However, a clear and unequivocal clause in a contract may act as a waiver of a party's statutory right to remove a case to federal court. See John's Insulation, Inc. v. Siska Constr. Co., Inc., 671 F. Supp. 289, 294 (S.D.N.Y. 1987) ("[A] forum selection clause may act as a waiver of defendant's right to remove an action to federal court.").

Courts that have considered this issue have typically differentiated between forum selection clauses that identify a specific court and those that merely identify a geographic location for venue purposes. See Unity Creations, Inc. v. Trafcon Indus., Inc., 137 F. Supp. 2d 108, 110 (E.D.N.Y. 2001) ("[W]aiver has usually been found where the forum selection clause identifies a particular court in which disputes will be heard, and not in clauses where courts are simply identified geographically." (internal citations omitted)); Cronin v. Family Educ. Co., 105 F. Supp. 2d 136, 137 (E.D.N.Y. 2000) (clause providing "exclusive jurisdiction of the courts located in the City and State of New York" does not preclude removal); Karl Koch Erecting Co., Inc. v. N.Y. Convention Ctr. Dev. Corp., 838

F.2d 656, 659 (2d Cir. 1988) (clause providing that no action shall be commenced "except in the Supreme Court of the State of New York" operated as a waiver).

"In the absence of a specific waiver, the question is [whether] the meaning of the language employed [in the choice of forum provision] was . . . intended to exclude a federal court sitting in the State of New York." City of N.Y. v. Pullman, Inc., 477 F. Supp. 438, 442 (S.D.N.Y. 1979). If the forum selection clause is ambiguous, the Court will construe it against the party who drafted it. See John's Insulation, Inc., 671 F. Supp. at 294.

II. Motion to Remand

Plaintiff avers that the language of the forum selection clause contained in the Subcontract limits jurisdiction and venue to New York State courts to the exclusion of federal courts and that, therefore, the action must be remanded. (Pl. Br., Docket Entry 3-4, at 4.) While this is generally true, the Court finds that Plaintiff has waived any right to invoke the forum selection clause.

The language, "Courts of the State of New York," sets venue in New York State courts. See Phoenix Global Ventures, Inc. v. Phoenix Hotel Assocs., Ltd., No. 04-CV-4991, 2004 WL 2360033, at *6 (S.D.N.Y. Oct. 19, 2004) ("The language, '[a]ny proceeding shall be initiated in the courts of the State of New

4

York,' clearly establishes exclusive jurisdiction in New York state courts."), aff'd, 422 F.3d 72 (2d Cir. 2005); see also Sahara Sam's Oasis, LLC v. Adams Cos., Inc., No. 10-CV-0881, 2010 WL 3199886, at *6 (D.N.J. Aug. 12, 2010) ("As a matter of contract interpretation, when a contract term refers to the courts 'of' a certain state or county, it is a marker of sovereignty rather than geography, and therefore only state courts are implicated.").

However, the contractual forum selection clause at issue here specifically designated "Courts of the State of New York, Suffolk County." (Karol Aff. Ex. 2 ¶ 36.2.) Yet Plaintiff commenced this action in--and seeks remand to--Nassau County. "[W]hen a party disregards a forum selection clause and sues on a contract in an unauthorized forum, it waives the forum selection clause on the claims it pursues." Unity Creations, Inc., 137 F. Supp. 2d at 111. Thus, Plaintiff has effectively waived its right to enforce the forum selection clause and cannot seek remand to Nassau County. See id. at 112 ("Here, enforcing the term of the contract by remanding the case to Nassau County would be unjust to the Defendants who bargained for the right to be sued only in Supreme Court, Suffolk County."); see also Am. Int'l Grp. Europe S.A. (Italy) v. Franco Vago Int'l, Inc., 756 F. Supp. 2d 369, 380 (S.D.N.Y. 2010) ("A party has waived a contractual right when it voluntarily and

5

intentionally abandons the enforcement of that right."); Licensed Practical Nurses, Technicians & Health Care Workers of N.Y., Inc. v. Ulysses Cruises, Inc., 131 F. Supp. 2d 393, 410 (S.D.N.Y. 2000) ("By bringing suit in New York in violation of the forum-selection clause, plaintiff undoubtedly has waived any right to insist on its enforcement.").

Accordingly, Plaintiff's motion to remand is DENIED.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  4 , 2013
       Central Islip, NY